**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PETER TAYLOR,
                           Plaintiff,

   v.                                      No. 09-CV-72
                                       (GTS/DRH)

JAMES THAMES, Correctional Officer, FCI
Ray Brook,
                           Defendant.

---

**APPEARANCES:**                         **OF COUNSEL:**

PETER TAYLOR
Plaintiff Pro Se
11967-052
USP Cannon
Post Office Box 300
Waymart, Pennsylvania 18472

HON. RICHARD S. HARTUNIAN          CHARLES E. ROBERTS, ESQ.
United States Attorney for the             Assistant United States Attorney
   Northern District of New York
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Peter Taylor ("Taylor"), an inmate in the custody of the Federal Bureau of Prisons (BOP), brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) alleging that defendant, a corrections officer, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or,

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Dkt. No. 23.[2] Taylor failed to respond to the second motion, but had filed a response to defendants' previous motion to dismiss.  Dkt. No. 18.  This submission will also be considered responsive to the superceding motion.  For the following reasons, it is recommended that defendant's motion be granted.

## I. Background

The facts are related herein in the light most favorable to Taylor as the non-moving party.  See subsection II(A) infra.

At all times relevant to the present complaint, Taylor was confined in the Ray Brook Federal Correction Institution ("Ray Brook").  Compl. ¶ 2.  On September 25, 2008, Taylor claims another inmate called him a snitch, followed him back to his cell, and began an altercation with Taylor, assaulting him and stabbing him in the chest.  Id.  ¶¶ 15-16.  Defendant James Thames ("Thames"), a corrections officer, watched the attack.  Id ¶ 16.  Thames had left open a back door between two cell blocks which allowed him to monitor both units as he alone supervised 200 inmates at one time in violation of Ray Brook's policies and procedures.  Id.  ¶ 18.

On October 3, 2008, Taylor filed a Request for Administrative Remedy, numbered 511668-F1.  Dkt. No. 1 at 7; Dkt. No. 17-2 at 34; see also  Magnusson Decl. (Dkt. No. 17-2 at 1-3) ¶ 8.  On October 21, 2008, the request was denied because "[a] review of the incident revealed staff did, in fact, act in accordance with policy."  Dkt. No. 1 at 8; Dkt. No.

---

[2]This motion supersedes defendant's first motion to dismiss (Dkt. No.17).  See Def. Mem. of Law (Dkt. No. 23-1) at 1 n.1.

2

17-2 at 35; see also Magnusson Decl. ¶ 8. On November 2, 2008, Taylor appealed the denial. Dkt. No. 1 at 9; Dkt. No. 17-2 at 38; Magnusson Decl. ¶ 9. This appeal was also denied on December 4, 2008 because "[t]here is no indication, and [Taylor had] failed to present any credible evidence, [he was] assaulted by another inmate . . . as a result of staff negligence." Dkt. No. 1 at 10; Dkt. No. 17-2 at 39; see also Magnusson Decl. ¶ 9. The denial stated that Taylor "may appeal to the General Counsel . . . within [thirty] calendar days of the date of this response," if he was dissatisfied with the result. Dkt. No. 1 at 10; Dkt. No. 17-2 at 39; see also Magnusson Decl. ¶ 9. It is undisputed that Taylor did not file a subsequent appeal to the General Counsel. Magnusson Decl. ¶ 10.

Taylor was housed at Ray Brook from February 2, 2007 through July 24, 2009. Magnusson Decl. ¶ 6; VanWeelden Decl. (Dkt. No. 23-4) ¶ 5. During this time period, Taylor filed twenty-two requests for administrative remedies. Magnusson Decl. ¶ 7; VanWeelden Decl. ¶ 6; see also Dkt. Nos. 17-2 at 11-32; 23-5 at 2-23. Taylor contends that on December 10, 2008, an unnamed third party, counselor Snyder, "inform[ed Taylor] he wasn't going to give [him] a[n appeal form], so [Taylor could not] file [the form], so he c[ould not] file a civil suit against James Thames. [Taylor] said OK." Dkt. No. 18(C) at 1, 4; see also Taylor Aff. (Dkt. No. 18); VanWeelden Decl. ¶ 7.

Taylor filed subsequent administrative remedies to the one in question on December 8, 2008; January 8 and 12, February 20, March 12, April 15, and June 5, 2009. VanWeelden Decl. ¶ 8; Dkt. No. 23-5 at 2-23. None of these administrative remedies was filed in response to counselor Snyder refusing to provide Taylor with the appeal form. VanWeelden Decl. ¶ 8. Additionally, Taylor could have filed a late appeal form, "with an explanation that his counselor refused to provide him with a form in a timely manner," but

3

he did not. Id. Lastly, Taylor does not contend that he asked for the form from anyone else with whom he had contact or on any other occasion than the one time he was denied the form. Id. ¶ 9. "Unit Team staff and Department Heads are required to make regular rounds in SHU, in addition to daily rounds by SHU officers, in order to address any concerns inmates confined in SHU may have." Id. Taylor did not speak to any of these individuals about his need for the appeal form or Snyder's actions. This action followed.

## II.  Discussion

Taylor alleges that defendant violated his Eighth Amendment rights by failing to intervene and protect him when another inmate entered his cell and assaulted him. Defendant seeks dismissal of the complaint on the ground that Taylor failed to exhaust his administrative remedies.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6). De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to

4

relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).

Defendant has submitted various documents outside the pleadings in support of their motion, as well as relying on documents provided as part of a previous motion submitted before the Court. Those documents have been considered by the Court. Thus, defendant's motion must be considered as one for summary judgment. Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006). A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.[3] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary

---

[3]Defendant advised Taylor os this obligation in his moving papers. See Dkt. No. 23-7.

5

judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has

recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). The BOP has a multi-tiered grievance system. See e.g., Macias v. Zenk, 495 F.3d 37, 42 (2d Cir. 2007) (citing 28 C.F.R. §§ 542.10 et. seq.). Generally, the prisoner "shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). If an informal resolution is not reached, the grievance is formally submitted, as an Administrative Remedy Request on a BP-9 form within twenty calendar days of the alleged incident. 28 C.F.R. § 542.14(a). Extensions of time are available "[w]here the inmate demonstrates a valid reason . . . ." Id. § 542.14(b). This form is submitted to a designated staff member, generally a correctional counselor. Id. § 542.14(c)(1). The Warden then responds, and if the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days on a BP-10 form. Id. §§ 542.15(a), 542.18. If the inmate is again dissatisfied with the Regional Director's response, he may again appeal the decision to the General Counsel within thirty calendar days on a BP-11 form. Id. § 542.15(a). In cases where the administrative procedure was not followed, a court must consider whether

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of [] relief for the

7

action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)).  The test to determine the availability of an administrative remedy is an objective one asking whether "a similarly situated individual of ordinary firmness" would have deemed it accessible.  Id. at 688.

It is uncontested that Taylor failed to appeal his grievance to the General Counsel on a BP-11 form.  Thus, he failed to properly exhaust his administrative remedies.  In his response, Taylor argued that he was unable to comply with the exhaustion requirements because he requested, and was denied, the appropriate grievance appeal forms.  See Dkt. No. 18(C) at 1, 4; Dkt. No. 18 at 5 (stating he filed all required forms but was "denied a BP-11 by counseler [sic] Snyder, giving [Taylor] the right to file a Bivens because [he] exhausted . . . .").  Even crediting this argument, Taylor has failed to raise a question of fact as to whether circumstances existed which effectively prevented him from properly exhausting his administrative remedies.

Taylor did not allege, nor would the record support, any contentions that he did not understand the administrative procedure or that it was unavailable to him.  In fact, the record shows that Taylor utilized the administrative procedure over twenty times in the twenty-eight months Taylor was incarcerated at Ray Brook.  Magnusson Decl. ¶ 17; VanWeelden Decl. ¶ 6; Dkt Nos. 17-2 at 11-32; 23-5 at 2-23.  Additionally, approximately one-third of these complaints came after the incident in question.  VanWeelden Decl. ¶ 8; Dkt. No. 23-5 at 2-23.  Thus, Taylor's actions belie any claims that he was precluded from filing grievances, or that an individual would deem the remedies inaccessible to Taylor, as he continued to pursue the administrative process seven times after he was allegedly told he was not able to receive a BP-11 on which to file his appeal.

8

Taylor's continued participation in the administrative process, and the lack of any grievances filed against Snyder, also contradict any allegations that wrongdoing occurred. See Winston v. Woodward, No. 05-CV-3385, 2008 WL 2263191, at *8 (S.D.N.Y. May 30, 2008) (declining to accept the argument that administrative remedies were functionally unavailable to an inmate alleging harassment and retaliation because the inmate continued to file a grievance subsequent to the alleged threats "thus undercutting his claims that an appeal was functionally unavailable for him."). Taylor fails to proffer anything more than conclusory allegations that Snyder denied him the form. Moreover, such allegations are incredible in light of Taylor's subsequent engagement in the administrative process. If Snyder had truly deprived Taylor of the form, a grievable offense, Taylor presumably would have filed a grievance or complaint against Snyder since Taylor was clearly still vocal about the hardships he was suffering at Ray Brook. No such complaints were filed about Snyder although seven other grievances were filed about other various, unrelated incidents.

Furthermore, a single attempt to receive a form, which was unsuccessful, is insufficient to save a claim from dismissal given an inmate with an extensive history utilizing the administrative remedies. McCray v. Smith, No. 07-CV-415 (NAM/DRH), 2009 WL 2762122, at *4 (N.D.N.Y. Aug. 25, 2009) (granting dismissal and finding argument unpersuasive where inmate relied on a single attempt to file a grievance, while never further pursued or appealed, to establish his exhaustion of remedies because he had previously filed multiple grievances and fifty-five appeals). Taylor also fails to allege, or establish, that he attempted to get the form from any of the other numerous individuals or inform any of those people of Snyder's actions. Failing to engage in such steps is fatal to Taylor's claim. See id., 2009 WL 2762122, at *4 (holding that despite physical injury, there was nothing in the record

9

indicating the inmate was "unable to write, request paper, utilize the inmate library, or seek assistance . . . w[hile] convalescing . . . ." thus there was no exception presented to excuse the failure to exhaust administrative remedies). Therefore, Taylor has failed to raise a question of fact as to whether an exception existed excusing his failure to appeal to the General Counsel.

Accordingly, defendant's motion should be granted on this ground.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion for summary judgment (Dkt. Nos. 17 & 23) be **GRANTED** as to all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 22, 2010
      Albany, New York

_David R. Homer_
United States Magistrate Judge