UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER TAYLOR,

Plaintiff,

v.

9:09-CV-0072
(GTS/DRH)

JAMES THAMES, Correctional Officer,
FCI Ray Brook,

Defendant.

---

APPEARANCES: OF COUNSEL:

PETER TAYLOR, ID No. 11967-052
Plaintiff, *Pro Se*
US Penitentiary – Canaan
P.O. Box 300
Waymart, Pennsylvania 18472

HON. ANDREW M. CUOMO
Attorney General for the State of New York
Counsel for Defendant
100 South Clinton Street
Syracuse, New York 13261

CHARLES E. ROBERTS, ESQ.
Assistant United States Attorney

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action, filed by Peter Taylor ("Plaintiff") against Correctional Officer James Thames ("Defendant"), are (1) Defendant's motion to dismiss for failure to state a claim, or, in the alternative, motion for summary judgment (Dkt. No. 23),[1] and (2) United States Magistrate Judge David R. Homer's Report-

---

[1] Defendant's original motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 17) was superseded by his current motion to dismiss for failure to state a claim and/or motion for summary judgment. (Dkt. No. 21 [requesting permission to file superseding motion]; Text Order of Oct. 19, 2009 [granting Def.'s request].)

Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed in its entirety (Dkt. No. 25). For the reasons set forth below, the Report-Recommendation is accepted; and Defendants' motion to dismiss for failure to state a claim, or, in the alternative, for summary judgment, is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his Complaint on January 20, 2009. (Dkt. No. 1.) Generally, in his verified Complaint, Plaintiff alleges that, on September 25, 2008, while Plaintiff was incarcerated at Ray Brook Federal Correction Institution, Defendant recklessly failed to prevent Plaintiff from being assaulted by another inmate, named Clay, in the following manner: (1) Defendant left unlocked a back door between Unit "Genesee A" and Unit "Genesee B" so that he could supervise 200 inmates in both units without the assistance of another correctional officer, despite the fact that he had "constructive knowledge" that this method of supervising the inmates posed a risk of harm to Plaintiff; and (2) Defendant "watch[ed]" Inmate Clay assault Plaintiff in Plaintiff's cell, before other correctional officers intervened and stopped the assault. (*Id*. at ¶¶ 10-19.) Based on these allegations, Plaintiff asserts against Defendant a claim of failing to intervene and protect him against an inmate's use of force, under the Eighth Amendment. (*Id*. at ¶ 18.) For a more detailed recitation of the factual allegations giving rise to this claim, the Court refers the reader to the Complaint in its entirety, and to the summaries of that Complaint set forth in the undersigned's Decision and Order of March 11, 2009, and Magistrate Judge Homer's Report-Recommendation of July 22, 2010. (*Id*. at ¶¶ 10-19; Dkt. No. 6, at 3-4; Dkt. No. 25, at 2-4.)

**B. Defendant's Motion**

On September 10, 2009, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction. (Dkt. No. 17.) More specifically, Defendant argued that Plaintiff's Complaint should be dismissed because, before filing his Complaint, Plaintiff failed to exhaust his available administrative remedies with regard to his claim, under the Prison Litigation Reform Act ("PLRA"). (Dkt. No. 17, Attach. 1.) In support of that argument, Defendant adduced a declaration and four exhibits. (Dkt. No. 17, Attach. 3.)

On September 25, 2009, Plaintiff filed a response in opposition to Defendant's motion. (Dkt. No. 18.) In his response, Plaintiff argued that he exhausted his available administrative remedies because (1) he filed a request for an administrative remedy (i.e., a "BP-9" Form]) on October 10, 2008, (2) that request was denied on October 21, 2008, (3) he filed a regional appeal from the denial of that request (i.e., a "BP-10" Form) on November 5, 2008, (4) that regional appeal was subsequently denied, and (5) on or about December 10, 2008, while he was in a special housing unit ("SHU"), Plaintiff sent a written request to a correction counselor named Snyder for the form necessary to file a general council appeal from the denial of his regional appeal (i.e., a "BP-11" Form), but Counselor Snyder denied the request in person on December 11, 2008. (*Id*. at 1-2.) In support of that argument, Plaintiff adduced a declaration. (Dkt. No. 18, a 3, 6.) In addition, the Court notes that Plaintiff attached the following exhibits to his verified Complaint: (1) his request for an administrative remedy, dated October 3, 2008; (2) the denial of that request, dated October 21, 2008; (3) two regional appeals, dated October 26, 2008, and November 2, 2008; and (4) the denial of his regional appeals, dated December 4, 2008. (Dkt. No. 1, at 6-10.)

On October 21, 2009, with permission of the Court, Defendant replaced his motion to dismiss for lack of subject-matter jurisdiction with a motion to dismiss for failure to state a claim or, alternatively, a motion for summary judgment. (Dkt. No. 23.) In his superseding motion, Defendant again argued that Plaintiff's Complaint should be dismissed in its entirety because he failed to exhaust his administrative remedies. (Dkt. No. 23, Attach. 1.) In addition, Defendant submitted a Statement of Undisputed Material Facts, a supporting declaration and exhibits, and a copy of the District's form *Notification of the Consequences of Failing to Respond to a Summary Judgment Motion*. (Dkt. No. 23, Attach. 4-7.)

On October 21, 2009, Plaintiff was mailed a notification that his response to Defendant's motion was due by November 16, 2009. (*See* Docket Entry for Oct. 21, 2009.) On October 22, 2009, he was sent a similar notice. (*See* Docket Entry for Oct. 22, 2009.) On January 4, 2010, out of an extension of special solicitude to Plaintiff, the Court issued an Order *sua sponte* extending his response deadline, to February 8, 2010. (Dkt. No. 24.) In that Order, the Court again reminded Plaintiff of the consequences of failing to respond to Defendant's motion. (*Id.*)

However, despite these efforts, Plaintiff chose not to respond to Defendant's motion. (*See generally* Docket Sheet.)

**C. Magistrate Judge Homer's Report-Recommendation**

On July 22, 2010, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendant's alternative motion for summary judgment be granted, and that Plaintiff's Complaint be dismissed in its entirety for failure to exhaust his administrative remedies. (Dkt. No. 25.) Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

Plaintiff has not submitted an Objection to the Report-Recommendation, and the time in which to do so has expired.

## II. GOVERNING LEGAL STANDARDS

### A. Standard of Review During a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B. Standard Governing a Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[4] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[5] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[6] For this reason, this Court has often enforced Local Rule 7.1(a)(3) in such a way as to deem facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement[7]–even where the nonmoving party was proceeding *pro se*.[8] A similar result has followed a nonmoving party’s willful failure to respond to a moving party’s legal arguments, offered in support of the motion. More specifically, a willful failure to submit an opposition memorandum of law has been held to lighten the moving party’s burden with regard to the motion such that, in order to succeed, the

---

[4] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[5] *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[6] *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

[7] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[8] *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

moving party need show only that the motion has facial merit[9]–again, even where the nonmoving party was proceeding *pro se*.[10]

## III. ANALYSIS

Because neither party objected to Magistrate Judge Homer's Report-Recommendation, the Court need review that Report-Recommendation for only clear error. Moreover, because Plaintiff chose to not respond to Defendant's motion for summary judgment, Defendant's burden on his motion is lightened such that, in order to succeed, Defendant need show only that his motion has facial merit. As a result, the rather narrow issue before the Court at this point in the action is whether the Report-Recommendation is clearly erroneous for finding that Defendant's alternative motion for summary judgment has facial merit. Based on the current record, the Court is unable to answer that question in the affirmative: rather, the Court concludes that the Report-Recommendation is not clearly erroneous.

The Second Circuit has held that a three-part inquiry is appropriate where a defendant contends that a prisoner has failed to exhaust his available administrative remedies, as required by the PLRA. *Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004), *accord*, *Ruggiero*, 467 F.3d at 175. First, "the court must ask whether [the] administrative remedies [not

---

9 *See Continental Ins. Co. v. Coyne Int'l Enter. Corp.,* 700 F. Supp.2d 207, 213 & n.6 (N.D.N.Y. 2010) (Suddaby, J.) (collecting cases).

10 *See, e.g.*, *Sorrentino v. Barr Labs., Inc.,* 09-CV-0591, 2010 WL 2026135, at *4 & nn.8-10 (N.D.N.Y. May 20, 2010) (Suddaby, J.); *Cossey v. David*, 04-CV-1501, 2007 WL 3171819, at *4 & nn.19-20 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J., adopted by Scullin, J.); *Sledge v. Kooi*, 04-CV-1311, 2007 WL 951447, at *5 & nn.38-39 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 WL 969576 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 WL 3940592, at *2 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 WL 189021 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.); *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.58 (N.D.N.Y. Oct. 18, 2006) (Lowe, M.J. adopted by Hurd, J.); *Hernandez v. Nash*, 00-CV-1564, at *2 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.), *adopted by* Decision and Order (N.D.N.Y. filed Sept. 30, 2003) (Scullin, C.J.).

pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* [citations omitted]. Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. [citations and internal quotations omitted].

Here, there is no issue regarding the second of the three above-described steps. Defendant has properly asserted the affirmative defense of failure to exhaust by asserting it in his pre-answer motion to dismiss for failure to state a claim.[11] Moreover, there is no allegation or argument that *Defendant* did anything to inhibit Plaintiff's exhaustion of remedies so as to estop Defendant from raising Plaintiff's failure to exhaust as a defense.

Rather, the arguments and evidence adduced by Plaintiff during his response to Defendant's original motion, attempt to raise an issue regarding the first and/or third of the three above-described steps. (*See* Dkt. No. 18.) More specifically, Plaintiff's submissions–if considered in response to Defendant's superseding motion–attempt to raise an issue regarding whether Counselor Snyder's refusal to provide Plaintiff with a BP-11 form on December 11,

---

[11] *Mendez v. Barlow*, 04-CV-1030, 2008 WL 2039499, at *5 (W.D.N.Y. May 12, 2008) (noting that "timely assertion of the exhaustion affirmative defense either in the answer or by a prompt Rule 12(b)(6) motion in lieu of answer, . . . preserves the defense for judicial determination"); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998) (finding that a statute of limitations defense appearing on the face of the complaint may be reached on motion to dismiss).

2008, rendered his administrative remedies *unavailable* to him, and/or constituted *special circumstances* justifying his failure to exhaust his otherwise available administrative remedies. The question is whether that issue is sufficiently material and genuine to withstand Defendant's motion for summary judgment. After carefully considering the matter, the Court agrees with Magistrate Judge Homer that it is not.

In reaching this conclusion, the Court relies on the several reasons offered by Magistrate Judge Homer on pages 8 through 10 of his thorough Report-Recommendation. Among these reasons were the following: (1) the fact that, during the time in question, Plaintiff clearly understood the administrative procedure, which afforded him the ability to file a grievance against Correction Counselor Snyder for not giving him a BP-11 Form, and which (in any event) also afforded him the ability to obtain a BP-11 Form from sources other than Counselor Snyder; and (2) the fact that, despite this understanding, Plaintiff (an otherwise litigious inmate) incredibly did not file a grievance against Counselor Snyder, nor did he try to obtain a BP-11 Form from other sources. (Dkt. No. 25, at 8-10.)

The Court would add only two points. First, "[i]t is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment." *Cruz v. Church*, 05-CV-1067, 2008 WL 4891165, at *4 & n. 6 (N.D.N.Y. Nov. 10, 2008) (Suddaby, J.) [emphasis in original; collecting cases]. However, "there is a narrow exception to this well-established rule." *Cruz*, 2008 WL 4891165, at *4 [citation omitted]. In *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005), the Second Circuit explained that this narrow exception is for testimony by a non-movant that possesses the following two characteristics: (1) it constitutes almost the exclusive basis for a disputed issue of fact in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence); and (2) it is so lacking in credibility (because the testimony is incomplete and/or replete with inconsistencies and

improbabilities) that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant. *Cruz*, 2008 WL 4891165, at *4 & n. 7 [collecting cases].

Here, Magistrate Judge Homer appears to have implicitly relied on this narrow exception, treating Plaintiff's assertion regarding Counselor Snyder as "incredible." (Dkt. No. 25, at 9.) The Court finds that, under the circumstances, doing so was entirely correct. Not only does Plaintiff's assertion regarding Counselor Snyder constitute the exclusive basis for a disputed issue of fact in the case, it is thread-bare in nature and is flatly contradicted by his own verified Complaint, in which he swore that "I filled [sic] a BP 11 but never received a reply." (Dkt. No. 1, ¶ 8.)[12] It is worth noting that it was not until Defendant argued that Plaintiff failed to exhaust his available administrative remedies that Plaintiff made his late-blossoming assertion regarding Counselor Snyder.

Second, even if the Court were not to reject Plaintiff's assertion regarding Counselor Snyder as incredible, the Court would find that Plaintiff has failed to exhaust his available administrative remedies, based on the current record. This is because, on December 8, 2008 (a mere three days before the asserted denial in question), Plaintiff successfully filed a BP-9 Form. (Dkt. No. 17, Attach. 2, at 26.) Furthermore, on January 8, 2009 (a mere 28 days after the asserted denial in question), Plaintiff successfully filed a BP-9 Form. (Dkt. No. 17, Attach. 2, at 27.) Finally, on January 12, 2009 (a mere 32 days after the asserted denial in question), Plaintiff

---

[12] Generally, a verified complaint filed by a plaintiff has the force and effect of an affidavit. *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

successfully filed a BP-9 Form. (Dkt. No. 17, Attach. 2, at 28.) Conspicuously missing from Plaintiff's papers in response to Defendant's original motion is any suggestion that he was unable to obtain from Counselor Snyder–or anyone else–a BP-11 Form between December 12, 2008, and January 12, 2008. (*See* Dkt. No. 18.) Moreover, the administrative procedure, with which Plaintiff was well aware during the time in question, enabled him to request an extension of the deadline by which he had to file a BP-11 Form based on his physical inability to obtain a BP-11 Form in a timely fashion. 28 C.F.R. §§ 542.15(a), 542.14(b). (*See also* Dkt. No. 23, Attach. 4, ¶ 8 [Decl. of VanWeelden].) However, he did not do so. (Dkt. No. 23, Attach. 4, ¶ 6 [incorporating, by reference, Dkt. No. 17, Attach. 2, Ex. B].)

For each of these alternative reasons, the Court accepts and adopts Magistrate Judge Homer's Report-Recommendation, grants Defendant's motion for summary judgment, and dismisses Plaintiff's Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 23) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: September 8, 2010
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge